| | |
|---|---|
| PENNA, GRABOIS & ASSOCIATES<br>BY: MARSHALL L. GRABOIS, ESQUIRE<br>Attorney I.D. # 17170<br>166 East Butler Avenue<br>Ambler, Pennsylvania 19002<br>(215) 643-7866 | Attorney for Plaintiffs |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT, PENNSYVANIA**

CATHERINE MOLA AND                    :
AND JOHN MOLA, HER HUSBAND   :   JURY TRIAL DEMANDED
937 Davis Grove Road                        :
Horsham, PA 19044                            :
                                                            :   No.
        v                                                   :
                                                            :
GAETANO J. GIORDANO              :
22 Eagle Road                                   :
Turnersville, New Jersey 03352      :

**COMPLAINT IN CIVIL ACTION**

Plaintiff(s), by counsel, hereby demands judgment against the Defendant herein, in a sum in excess of One Hundred Thousand ($1000,000.00) Dollars, upon a cause of action whereof the following is a statement:

**COUNT I - NEGLIGENT OPERATION**

1.      Plaintiff, Catherine Mola, is an adult individual who resides at 937 Davis Grove Road, Horsham, PA.

2.      Defendant, Gaetano J. Giordano, is an adult individual who resides at 22 Eagle Road, Turnersville, New Jersey.

3.      Federal Jurisdiction is based upon diversity of citizenship, 28 U.S.C. Section 1332(a)(1) in that plaintiff is a citizen of Pennsylvania and defendant is a citizen of New Jersey.

1

4. Venue is based upon diversity of citizenship where a substantial part of the events giving rise to the claim occurred, pursuant to 28 U.S.C. Section 1391(a)(2).

5. The plaintiff's damages exceed the sum of One Hundred Thousand ($100,000.00) Dollars and a jury trial is demanded.

6. On or about July 2, 2000, at or about 5 p.m., Plaintiff was an occupant of a motor vehicle on the Walt Whitman Bridge, at or about the dividing line between Pennsylvania and New Jersey, when suddenly and without warning the Defendant drove a motor vehicle into the motor vehicle containing Plaintiff, causing Plaintiff the injuries, damages and losses as set forth herein.

7. The accident resulted solely form the negligence and recklessness of the Defendant herein and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

8. The negligence and carelessness of the Defendant consisted of the following:

   a. failure to properly operate and control a motor vehicle;

   b. driving at an excessive rate of speed under the circumstances;

   c. violations of the Statutes of the Commonwealth of Pennsylvania and the State of New Jersey governing the operation of motor vehicles on the streets and highways;

   d. negligence and recklessness at law;

   e. failure to keep a proper lookout; and

   f. failure to yield right of way.

9. As a result of this accident, Plaintiff has suffered injuries which are or may be serious and permanent including injuries to the muscles, tissues, ligaments, blood vessels, bones,

discs, organs, cartilage, bruises, contusions, abrasions of various portions of Plaintiff's body and severe damage to Plaintiff's nerves and nervous system and various other ills and injuries.

10. As a further result of this accident, Plaintiff has been or will be obliged to receive and undergo medical attention and care and to expend various sums of money or to incur various expenses for the injuries Plaintiff has suffered, the cost or reasonable value of which is or, according to the advice of Plaintiff's treating physician, may be in excess of the sums recoverable under the Pennsylvania Motor Vehicle Financial Responsibility Law (75 Pa. C.S. Ch. 17, etc.); and Plaintiff may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

11. As a further result of this accident, Plaintiff has suffered an injury which may be in full or part a cosmetic disfigurement and which is or may be permanent, irreparable or sever and/or serious impairment of bodily function.

12. As a further result of this accident, Plaintiff has or may suffer a severe loss of Plaintiff's earnings and impairment of Plaintiff's earning capacity and power, said loss of income and/or impairment of earning capacity or power ha or may exceed the sum recoverable under the Pennsylvania Motor Vehicle Financial Responsibility Law (75 Pa. C.S. Ch. 17 etc.).

13. As a direct and reasonable result of the accident aforementioned, Plaintiff has or may hereafter incur financial expenses or losses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover under motor vehicle insurance or other insurance or which losses may be unrecoverable under motor vehicle insurance.

14. As a further result of the accident aforementioned, Plaintiff has suffered severe physical pain, mental anguish and humiliation; and Plaintiff may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands judgment against the Defendant for a sum in excess of One Hundred Thousand ($100,000.00) Dollars, plus costs and interest.

## COUNT II

15. The Plaintiff hereby incorporates by reference all pertinent averments of the preceding paragraphs as fully as if set forth in their entirety.

16. As a further result of this accident Plaintiff Catherine Mola was caused to suffer severe and egregious bodily injuries that are deemed to be ongoing and of a permanent nature; was prevented and/or restricted and continues to be prevented and/or restricted from attending her usual and customary activities; suffered and continues to suffer great pain and suffering; sustained severe mental anguish and psychological trauma; and has been otherwise injured and damaged in a severe and permanent manner sustaining significant disfigurement, a fracture, a permanent loss of a body organ, member, function or system, and/or medically determined injury or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts which constituted her usual and daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment sued upon. Furthermore, her expenses for treatment were in excess of $4,500.00, exclusive of hospital expenses, x-rays and other diagnostic tests; all of which would entitle her to pursue her instant action for damages under the laws of the State of New Jersey.

WHEREFORE, Plaintiff demands judgment against Defendant for a sum in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest and costs.

## COUNT III- CONSORTIUM

5

17. The Plaintiff hereby incorporates by reference all pertinent averments of the preceding Counts as fully as if set forth in their entirety.

18. The Plaintiff, John Mola, resides at 937 Davis Grove Road, Horsham, PA, and is the spouse of Plaintiff, Catherine Mola.

19. As a result of the aforesaid accident resulting in injuries to Plaintiff, Catherine Mola, as aforesaid, the Plaintiff, John Mola, has been deprived of the assistance and society of spouse, Catherine Mola, all of which has been to the great financial loss and damage of the Plaintiff, John Mola.

WHEREFORE, Plaintiff, John Mola, demands judgment against the Defendant for a sum in excess of One Hundred Thousand ($100,000.00) Dollars, plus costs and interest.

PENNA, GRABOIS & ASSOCIATES

_____
Marshall L. Grabois, Esquire